UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>    Plaintiff,<br><br>v.<br><br>HYATT CORPORATION,<br><br>    Defendant. | Case No. 19-cv-07658-TSH<br><br>**ORDER RE: MOTION TO DISMISS AND DECLARE PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Re: Dkt. No. 24 |

## I. INTRODUCTION

Plaintiff Theresa Brooke seeks a court order requiring Defendant Hyatt Corporation to bring its lodging rooms into full compliance with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Pending before the Court is Hyatt's motion to dismiss and declare Brooke a vexatious litigant. ECF No. 24. Brooke filed an Opposition (ECF No. 25) and Hyatt filed a Reply (ECF No. 26). The Court finds this matter suitable for disposition without oral argument and **VACATES** the September 10, 2020 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Hyatt's motion in part and **DENIES** it in part for the following reasons.

## II. BACKGROUND

Brooke, a resident of Pinal County, Arizona, is a disabled woman confined to a wheelchair. First Am. Compl. ¶ 1, ECF No. 23. She alleges she frequently travels to California for "purposes of leisure travel, hearings, settlement conferences, ENE conferences, joint site inspections and to determine if various hotels across the Country comply with disability access laws." *Id.* ¶ 8.

In anticipation of a trip to California, Brooke alleges she went online to Hyatt's website to

rent a room at a room at its Hyatt Regency San Francisco location. *Id.* ¶¶ 2, 10. She sought any of its "Suites offered at the hotel, whether that be the Presidential Suite, Luxury Suite, Balcony Suite or Bay View Studio Suite, all of which offer more living space, better views and more luxurious amenities than Defendant's standard rooms[.]" *Id.* ¶ 10. However, she alleges she was deterred from renting a suite because Hyatt "does not make any of this [sic] Suites ADA accessible. The sole ADA accessible rooms offered by Defendant are the standard rooms." *Id.* ¶ 10.

Brooke alleges that she and her husband took a trip to the Bay Area in early March 2020 and she anticipates re-visiting the Bay Area "multiple times over the next year for purposes of further ADA testing, leisure travel and attending Court-related conferences, hearings and the like." *Id.* ¶ 11. During her most recent trip, she did not visit the hotel because Hyatt "has not remediated, and Plaintiff therefore remains deterred. To visit the hotel during her trip would have been futile." *Id.*

Brooke's complaint alleges violations under the ADA, 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv) and the 2010 ADA Standards for Accessible Design[1] ("2010 ADA Standards"), as well as the California Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51, 52. *Id.* ¶¶ 21-31.

Hyatt moves to dismiss under Rule 12(b)(1), arguing Brooke does not have standing to bring her claims because she cannot show Hyatt hindered her full use and enjoyment of the facility. Mot. at 7-8. Hyatt further argues Brooke does not allege a genuine intent to return to the hotel because her "alleged past visits and future intentions to visit are insufficiently vague and unbelievable." *Id.* at 9-10. It also contends Brooke does not allege genuine deterrence because she did not encounter or have knowledge of any barriers, and her alleged deterrence is nothing more than hypothetical. *Id.* at 12-13.

Hyatt also moves to dismiss under Rule 12(b)(6), arguing Brooke fails to claim an actual (not hypothetical) impediment to her use of the hotel. *Id.* at 13. Hyatt argues the ADA does not require it to offer an accessible and non-accessible version of the same room type, and that even if

---

[1] Available at https://www.ada.gov/2010ADAstandards_index.htm.

Brooke managed to plausibly allege barriers to accessibility, she does not allege how those barriers relate to her specific disability. *Id.* at 14.

As to Brooke's Unruh Act claim, Hyatt argues she lacks standing because the Act only applies to persons within the jurisdiction of California, and Brooke accessed its website in Arizona. *Id.* at 15-16 (citing Cal. Civ. Code §§ 51(b)).

Finally, Hyatt requests the Court declare Brooke a vexatious litigant and require her to obtain leave of court before filing any other future claims under the ADA in any California Court. *Id.* at 17. It notes she has filed over 800 ADA lawsuits throughout California federal courts in the past few years and argues that many of her complaints are copy-paste versions of one another filed with an intent to harass and for financial gain. *Id.* at 18.

### III.  LEGAL STANDARD

**A.  Rule 12(b)(1)**

Rule 12(b)1) allows a party to challenge a federal court's subject matter jurisdiction. As the party invoking subject matter jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual.").

A challenge to subject matter jurisdiction is a factual attack where the moving party relies on extrinsic evidence and does not assert a lack of subject matter jurisdiction solely based on the pleadings. *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)). "In resolving a factual attack on subject matter jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). If the moving party converts its motion to dismiss into a factual motion by submitting affidavits, the opposing party must then also present affidavits or other

1  evidence to meet its burden for satisfying subject matter jurisdiction. *Id.*

2  **B.     Rule 12(b)(6)**

3     A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted); Fed. R. Civ. P. 8(a)(2) (A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

   If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. DISCUSSION

### A. ADA Claim

Hyatt first argues Brooke lacks Article III standing to bring a claim under the ADA. Mot at 7. It notes her claim is premised on alleged barriers that she encountered online while attempting to book a suite at the hotel, but she does not allege an injury-in-fact, such as that she was unable to reserve an ADA accessible room or that the website failed to offer accessible rooms for her particular needs, or "that she visited the hotel, that she called the hotel to ask whether the suite or any comparable suite would fit her particular accessibility needs, what exactly her accessibility needs are, or that she tried to book a room online or in any other way." Mot. at 8. Hyatt also argues Brooke fails to allege any facts showing the website impeded her use and enjoyment of the Hotel facilities. *Id.*

To establish standing a plaintiff must plead facts to establish three elements: (1) an injury in fact, meaning an invasion of a legally protected interest which is concrete and particularized and actual or imminent, (2) a causal connection between the injury and the conduct complained of, and (3) the likelihood that the injury may be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An injury-in-fact must be (a) actual or imminent, not conjectural or hypothetical, and (b) concrete and particularized. *Id.*

"Under the ADA, when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008)). "Rather, the barrier need only interfere with the plaintiff's 'full and equal enjoyment' of the facility. *Id.* (quoting 42 U.S.C. § 12182(a)). However, the "barrier" will only amount to such interference "if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." *Id.*

Here, Brooke's ADA claim is premised on two grounds: (1) Hyatt does not make any of its suites ADA accessible and she seeks equality in the selection of the same type of lodging rooms that are available to able-bodied persons; and (2) due to her disability, she requires the use of

1   lodging rooms that are accessible to her, but she is deterred from lodging at the hotel due to her

2   knowledge of "the barrier" there.  First Am. Compl. ¶¶ 9, 17.

3         As to the type of lodging room, Section 224.5 of the 2010 ADA Standards sets forth the

4   following "dispersion" requirements for transient lodging guest rooms:

> Guest rooms required to provide mobility features complying with 806.2 and guest rooms required to provide communication features complying with 806.3 shall be **dispersed among the various classes of guest rooms**, and shall provide choices of types of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests. **Where the minimum number of guest rooms required to comply with 806 is not sufficient to allow for complete dispersion, guest rooms shall be dispersed in the following priority: guest room type, number of beds, and amenities**. At least one guest room required to provide mobility features complying with 806.2 shall also provide communication features complying with 806.3. Not more than 10 percent of guest rooms required to provide mobility features complying with 806.2 shall be used to satisfy the minimum number of guest rooms required to provide communication features complying with 806.3.

2010 ADA Standards § 224.5 (emphasis added).  An advisory note to Section 224.5 states: "Factors to be considered in providing an equivalent range of options may include, but are not limited to, room size, bed size, cost, view, bathroom fixtures such as hot tubs and spas, smoking and nonsmoking, and the number of rooms provided."  Advisory Note to 2010 Standards § 224.5.

      Section 224.5 does not require that a hotel offer the same room types to disabled and non-disabled visitors, but it does require that accessible rooms be "dispersed among the various classes of guest rooms" and "provide choices of types of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests."  2010 ADA Standards § 224.5.  Brooke alleges Hyatt does not make any of its suites ADA accessible, that the sole ADA accessible rooms are the standard rooms, and that she is deterred from lodging at the hotel until the lack of equal room choices is cured.  First Am. Compl. ¶¶ 10, 17.  She seeks equality in the selection of the same type of lodging rooms that are available to able-bodied persons.  *Id.* ¶ 9.  Accepting her allegations as true, the Court finds Brooke sufficiently articulates a cause of action that the types of guest rooms available at Hyatt's hotel are not comparable and do not satisfy the requirements of Section 224.5 of the 2010 ADA Standards.  *See Brooke v. AJU Hotel Silicon Valley LLC*, 2019 WL 7050090, at *1 (N.D. Cal. Dec. 23, 2019) (denying hotel's motion to

dismiss Brooke's ADA claim where her complaint included allegations that the accessible rooms available at the hotel were not "comparable" to non-accessible rooms).

However, an ADA claim is still subject to dismissal where the plaintiff does not allege what "barriers" exist at the defendant's place of business and "how [her] disability was affected by them." *See Chapman*, 631 F.3d at 954 (directing district court to dismiss complaint for lack of standing, where plaintiff alleged he "encountered architectural barriers" at defendant's store but "never allege[d] what those barriers were"). Brooke alleges that, due to her disability, she requires the use of lodging rooms that are accessible to her and have the standard accessibility features such as roll-in showers, adequate spacing the furniture in the lodging room, grab bars surrounding the toilet, and other commonly-accepted accessibility features. First. Am. Compl. ¶ 9. She further alleges she is deterred from lodging at the hotel due to her knowledge of "the barrier" at the hotel. *Id.* ¶ 17. However, she fails to allege any facts to support her conclusory statements, i.e., she has not alleged "what those barriers were," let alone how her "disability was affected by them." *See Chapman*, 631 F.3d at 954 ("Although Chapman alleges that he is 'physically disabled,' and that he 'visited the Store' and 'encountered architectural barriers that denied him full and equal access,' he never alleges what those barriers were and how his disability was affected by them so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability)."). Brooke's legal conclusion that there is a "barrier" does not explain how that barrier violates the ADA, whether it relates to her particular disability, or interferes with her use or enjoyment of the hotel. This is insufficient to satisfy the injury-in-fact requirement. *See Brooke v. Grand Hyatt SF LLC*, 2020 WL 2084879, at *1 (N.D. Cal. Apr. 30, 2020) (granting motion to dismiss with leave to amend where Brooke alleged that neither of the two suites she sought to reserve was "ADA accessible" and that each had a "barrier" or "barriers," but she failed to allege any facts to support her conclusory statements); *Strojnik v. Bakersfield Convention Hotel I, LLC*, __ F. Supp. 3d __, 2020 WL 509156, at *4 (E.D. Cal. Jan. 31, 2020) ("Plaintiff has failed also to allege sufficiently how his particularized injury affected him; that is, how his disabilities relate to the barriers he encountered. Plaintiff simply asserts in a conclusory manner that the barriers were 'relate[d] to

7

1    [his] disability and interfere[d] with [his] full and complete enjoyment of the Hotel' without any

2    further explanation.") (alterations in original).  Because Brooke does not allege that she has

3    knowledge of any actual barrier, her allegations are insufficient to establish standing or to state a

4    claim under the ADA.  Accordingly, Brooke's ADA claim will be dismissed with leave to amend

5    to cure this deficiency.[2]

### B.  Unruh Act

The Court's jurisdiction over Brooke's state law claim is supplemental in nature.  *See* First Am. Compl. ¶ 5 (citing 28 U.S.C. § 1367)).  Where, as here, the district court will "dismiss all claims over which it has original jurisdiction," the district court may decline to exercise supplemental jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3).

In this instance, as the case remains at the pleading stage and there are no apparent considerations weighing in favor of retaining jurisdiction over the state law claim, the Court finds it appropriate to decline to exercise supplemental jurisdiction as to Brooke's Unruh Act claim.  *See Grand Hyatt SF*, 2020 WL 2084879, at *2 (declining to exercise supplemental jurisdiction over Brooke's Unruh Act claim where her ADA claim had been dismissed).  Accordingly, Brooke's state law claim will be dismissed, without prejudice to filing in state court, or, in the event Brooke amends her ADA claim, to realleging it in the instant action.

### C.  Vexatious Litigant

Hyatt argues Brooke is a vexatious litigant and should be subject to a pre-filing order limiting her ability to file any complaint asserting ADA claims.  Mot. at 17-19.  In support of its motion, Hyatt notes Brooke has filed over 800 ADA lawsuits throughout California federal courts in the past few years, *see* Def.'s Req. for Judicial Notice, ECF No. 12-1, including sixteen recently filed actions in this District against other hotels, *see id.* Exs. 1-16.

Before a district court may issue an order finding a litigant to be vexatious and imposing pre-filing restrictions, (1) "the litigant must be given notice and a chance to be heard," (2) "the district court must compile an adequate record for review," (3) "the district court must make

---

[2] As Brooke's ADA claim is dismissed, the Court does not address Hyatt's arguments regarding intent to return and general deterrence.  Mot. at 9-12.

substantive findings about the frivolous or harassing nature of the plaintiff's litigation," and (4) "the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (internal quotations and citation omitted).

Here, the record presently before the Court is insufficient to support a vexatious litigant order. The Court has reviewed the dockets of the cases Brooke recently filed in this District and notes that none has been resolved on its merits. Although some have been dismissed, no finding of frivolousness or harassment was made in connection with any such dismissal.[3] Further, although the Court will dismiss the instant action, it does so with leave to amend. As such, "it is, at best, premature to determine at this time whether the instant action is frivolous or harassing." *Grand Hyatt SF*, 2020 WL 2084879, at *2 (declining to declare Brooke a vexatious litigant where leave to amend had been granted).

## V.   CONCLUSION

For the reasons stated above, Hyatt's motion is hereby **GRANTED** in part and **DENIED** in part, as follows:

1. To the extent the motion seeks dismissal of the complaint, the motion is **GRANTED**, and the complaint is **DISMISSED** with leave to amend. Any Second Amended Complaint shall be filed no later than June 3, 2020.

2. To the extent the motion seeks an order finding Brooke a vexatious litigant, the motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 13, 2020

THOMAS S. HIXSON
United States Magistrate Judge

---

[3] Half of the sixteen cases have been voluntarily dismissed, five unilaterally by Brooke and three by stipulation; one case was dismissed by the district court for failure to prosecute after Brooke did not appear at two case management conferences. The Court has no information as to the circumstances underlying the voluntary dismissals, and the other seven cases remain pending.

9