UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>   Plaintiff,<br><br> v.<br><br>HYATT CORPORATION,<br><br>   Defendant. | Case No. 19-cv-07658-TSH<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS AND DECLARE PLAINTIFF A VEXATIOUS LITIGANT; PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 31 |

## I. INTRODUCTION

Plaintiff Theresa Brooke seeks a court order requiring Defendant Hyatt Corporation to bring its lodging rooms into full compliance with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Pending before the Court is Hyatt's motion to dismiss Brooke's Second Amended Complaint and declare her a vexatious litigant. ECF No. 31. At the same time, Brooke moves for sanctions against Hyatt's counsel pursuant to 28 U.S.C. § 1927. ECF No. 33. The Court finds these matters suitable for disposition without oral argument and **VACATES** the August 6, 2020 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS IN PART** and **DENIES IN PART** Hyatt's motion to dismiss and **DENIES** Brooke's motion for sanctions for the following reasons.

## II. BACKGROUND

### A. Factual Background

Brooke, a resident of Arizona, is a disabled woman confined to a wheelchair. Sec. Am. Compl. ¶ 1, ECF No. 29. She alleges she frequently travels to California for "purposes of leisure travel, hearings, settlement conferences, ENE conferences, joint site inspections and to determine

if various hotels across the Country comply with disability access laws." *Id.* ¶ 8. In anticipation of a trip to California, Brooke went online to Hyatt's website to rent a room at the Hyatt Regency San Francisco, located at 5 Embarcadero Center. *Id.* ¶¶ 2, 8, 10. She sought any of its "Suites offered at the hotel, whether that be the Presidential Suite, Luxury Suite, Balcony Suite or Bay View Studio Suite, all of which offer more living space, better views and more luxurious amenities than Defendant's standard rooms . . .." *Id.* ¶ 10. However, she alleges she was deterred from renting a suite because Hyatt "does not make any of this [sic] Suites ADA accessible. The sole ADA accessible rooms offered by Defendant are the standard rooms." *Id.* She alleges she has actual knowledge of the barriers at the hotel because the suites "do not offer wider doorway entries to the room or within the room and do not offer, for example, accessible bathrooms such as handlebars for the toilet or accessible showers or tubs." *Id.* ¶¶ 12-13. These barriers affect her because she has only one leg and requires a wheelchair to move around. *Id.* ¶ 13.

Brooke alleges she and her husband took a trip to the Bay Area in early March 2020 and she anticipates re-visiting the Bay Area "multiple times over the next year for purposes of further ADA testing, leisure travel and attending Court-related conferences, hearings and the like." *Id.* ¶ 11. During her most recent trip, she did not visit the hotel because Hyatt "has not remediated, and Plaintiff therefore remains deterred. To visit the hotel during her trip would have been futile." *Id.*

**B.     Procedural Background**

Brooke filed her initial complaint on November 20, 2019, alleging violations under the ADA, 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv) and the 2010 ADA Standards for Accessible Design[1] ("2010 ADA Standards"), as well as the California Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51, 52. ECF No. 1. Hyatt moved to dismiss (ECF No. 11), but the Court denied its motion without prejudice based on Brooke's stated intent to file amended complaint (ECF No. 21).

Brooke filed a First Amended Complaint on April 13, 2020, alleging the same causes of action. ECF No. 23. Hyatt again moved to dismiss, arguing Brooke does not have standing to

---

[1] Available at https://www.ada.gov/2010ADAstandards_index.htm.

bring her claims because she cannot show Hyatt hindered her full use and enjoyment of the hotel, she did not allege a genuine intent to return, and she did not allege a genuine deterrence because she did not encounter or have knowledge of any barriers. ECF No. 24. On May 13, 2020, the Court granted Hyatt's motion with leave to amend, finding Brooke failed to allege any facts to support her conclusory statements that she encountered a barrier, failed to explain how that barrier violates the ADA, and failed to allege whether it relates to her particular disability or interferes with her use or enjoyment of the hotel. ECF No. 28.

Brooke filed the operative Second Amended Complaint on May 14, 2020, adding the following allegations:

> The barrier at issue is that the Suites offered at the hotel are not accessible because they do not offer wider doorway entries to the room or within the room and do not offer, for example, accessible bathrooms such as handlebars for the toilet or accessible showers or tubs. This barrier affects Plaintiff specifically because she has only one leg and requires a wheelchair to move around. The Suites at Defendant's hotel do not allow her to access these rooms because they do not offer the accessibility features identified here and above in Paragraph 9. For example, Plaintiff cannot even enter a Suite because the doorways are not wide enough for her to enter them due to the fact that she is in a wheelchair. She cannot move around within the room because the furniture is not sufficiently spread out to allow her to maneuver with her wheelchair. She cannot use the toilet or shower.

Sec. Am. Compl. ¶ 13.

Hyatt filed the present motion to dismiss on May 28, 2020, arguing Brooke lacks standing under the ADA because she fails to adequately allege any injury-in-fact or her intent to return to the hotel. Def.'s Mot. at 6. It also argues she has not sufficiently pled that she was deterred from visiting the hotel based on actual knowledge of illegal barriers. *Id.* Hyatt further argues Brooke fails to state a claim under the ADA because she focuses on her use of the website and "identifies only hypothetical, not actual, barriers," thereby assuming that the suites she wanted were not ADA compliant. *Id.* at 14. It maintains the ADA does not require it to offer an accessible and non-accessible version of the same room type, and Brooke does not allege that it does not offer ADA accessible rooms or that such rooms are not comparable to the suites she seeks. *Id.* at 15.

As to Brooke's Unruh Act claim, Hyatt argues she lacks standing because the Act only applies to persons within the jurisdiction of California, and Brooke accessed its website in

3

1 Arizona. *Id.* at 15-16.

2 Hyatt also requests the Court declare Brooke a vexatious litigant and require her to obtain
3 leave of court before filing any other future claims under the ADA in any California Court. *Id.* at
4 20-23. Finally, Hyatt argues that, regardless of whether the Court declares Brooke a vexatious
5 litigant, if it allows her claims to proceed, it should require her to post a bond under California
6 Code of Civil Procedure section 1030 because she is an out-of-state resident and Hyatt has
7 demonstrated a reasonable possibility of prevailing in this action.

8 On May 31, 2020, Brooke filed a motion for sanctions, seeking $3,000 levied against
9 Hyatt's counsel, Tracy A. Warren, J. Patrick Allen and Rick A Waltman, on the grounds that
10 "counsel has relentlessly sought to have the Court declare Plaintiff a vexatious litigant, but in so
11 doing, has lied to the Court and two other federal court judges, has attempted to mislead the Court,
12 omitted salient information, and most importantly, has not provided any evidence of a single case
13 that is patently without merit or any decisions on the merits, which are required for a litigant to be
14 determined to be vexatious." Pl.'s Mot. at 1-2.

### III. MOTION TO DISMISS

**A. Legal Standard**

**1. Rule 12(b)(1)**

Rule 12(b)1) allows a party to challenge a federal court's subject matter jurisdiction. As the party invoking subject matter jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual.").

A challenge to subject matter jurisdiction is a factual attack where the moving party relies on extrinsic evidence and does not assert a lack of subject matter jurisdiction solely based on the pleadings. *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Morrison v. Amway Corp.*, 323 F.3d

4

920, 924 n.5 (11th Cir. 2003)). "In resolving a factual attack on subject matter jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). If the moving party converts its motion to dismiss into a factual motion by submitting affidavits, the opposing party must then also present affidavits or other evidence to meet its burden for satisfying subject matter jurisdiction. *Id.*

### 2.      Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted); Fed. R. Civ. P. 8(a)(2) (A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

1  party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 89293 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**B.  Discussion**

   **1.  ADA Claim**

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). To prevail, the plaintiff must show that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Here, the second and third elements are not at issue; the only question is whether Brooke has shown an injury-in-fact.

There are two ways to demonstrate standing under the ADA. A plaintiff must show that she has either suffered an "injury-in-fact coupled with an intent to return," or alternatively is deterred from returning to the premises. *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). Here, the Court finds Brooke has sufficiently plead injury-in-fact and an intent to return.

   **a.  Injury in Fact**

Hyatt argues Brooke cannot establish injury in fact because she does not allege she personally encountered any barriers to her access at the hotel. Def.'s Mot. at 7. It notes she does not allege that she has ever been to the hotel, or that there are in fact any actual unlawful barriers

6

at the hotel that pose a real and immediate threat to her. *Id.* While Brooke's ADA claim is premised on alleged barriers that she encountered online while attempting to book specific suites at the hotel, Hyatt maintains "[t]he only barriers she attempts to connect to her disability are purely hypothetical —Plaintiff offers no factual basis whatsoever to indicate any actual barrier exists or that she knew of the same." *Id.* at 7-8. It argues Brooke cannot allege she encountered the "hypothetical" barriers she assumed exist because she does not allege she called to discuss the purported barriers or comparable rooms, otherwise communicated with Hyatt, or in any way confirmed that any barrier exists. *Id.* at 8.

An injury in fact must be concrete and particularized, and actual or imminent. *Friends of the Earth*, 528 U.S. at 180. An injury is particularized when it affects the plaintiff "in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. While a plaintiff need not have a "personal encounter" with a barrier to access as a requirement for standing, she must still allege "actual knowledge of illegal barriers at a public accommodation to which [she] desires access." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099-1100 (9th Cir. 2017) ("It is the plaintiff's 'actual knowledge' of a barrier, rather than the source of that knowledge, that is determinative.") (quoting *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002); *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n.5 (9th Cir. 2008) ("Once a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts.").

Brooke's ADA claim is premised on two grounds: (1) Hyatt does not make any of its suites ADA accessible and she seeks equality in the selection of the same type of lodging rooms that are available to able-bodied persons; and (2) due to her disability, she requires the use of lodging rooms that are accessible to her, but she is deterred from lodging at the hotel due to her knowledge of "the barrier" there. Sec. Am. Compl. ¶¶ 9, 18.

As to the type of room, Section 224.5 of the 2010 ADA Standards requires that rooms with mobility features be dispersed among the various classes of guest rooms "and shall provide

1 choices of types of guest rooms, number of beds, and other amenities comparable to the choices
2 provided to other guests." 36 C.F.R. § Pt. 1191, App. B. A hotel does not have to offer the same
3 room types to disabled and non-disabled visitors, but the accessible rooms must be "dispersed
4 among the various classes of guest rooms" and "provide choices of types of guest rooms, number
5 of beds, and other amenities comparable to the choices provided to other guests." *Id.* As the
6 Court previously found, Brooke sufficiently articulates that the types of guest rooms available at
7 Hyatt's hotel are not comparable and do not satisfy the requirements of Section 224.5 because she
8 alleges that none of its suites are ADA accessible, the sole ADA accessible rooms are the standard
9 rooms, and she is deterred from lodging at the hotel until the lack of equal room choices is cured.
10 *Brooke v. Hyatt Corp.*, 2020 WL 2474372, at *4 (N.D. Cal. May 13, 2020); *see also Brooke v.*
11 *AJU Hotel Silicon Valley LLC*, 2019 WL 7050090, at *1 (N.D. Cal. Dec. 23, 2019) (denying
12 motion to dismiss Brooke's ADA claim where her complaint included allegations that the
13 accessible rooms available at the hotel were not "comparable" to non-accessible rooms).

14 Unlike her First Amended Complaint, Brooke also alleges what "barriers" exist at the hotel
15 and "how [her] disability was affected by them." *See Hyatt Corp.*, 2020 WL 2474372, at *4
16 (granting leave to amend for Brooke to allege what barriers exist); *see also Chapman*, 631 F.3d at
17 954 (directing district court to dismiss complaint for lack of standing, where plaintiff alleged he
18 "encountered architectural barriers" at defendant's store but "never allege[d] what those barriers
19 were"). Brooke alleges that, due to her disability, she requires the use of lodging rooms that are
20 accessible to her and have the standard accessibility features such as roll-in showers, adequate
21 spacing the furniture in the lodging room, grab bars surrounding the toilet, and other commonly-
22 accepted accessibility features. Sec. Am. Compl. ¶ 9. She further alleges that the barriers at issue
23 are that the hotel's suites do not offer wider doorway entries to the room or within the room and
24 do not offer accessible bathrooms such as handlebars for the toilet or accessible showers or tubs.
25 *Id.* ¶ 13. She alleges these barriers affect her because she has only one leg and requires a
26 wheelchair to move around, she cannot enter a suite because the doorways are not wide enough for
27 her to enter them due to the fact that she is in a wheelchair, she cannot move around within the
28 room because the furniture is not sufficiently spread out to allow her to maneuver with her

United States District Court
Northern District of California

1  wheelchair, and she cannot use the toilet or shower. *Id.* Taking these factual allegations as true,
2  the Court finds Brooke adequately pleads how Hyatt's hotel alleged non-compliance with the
3  ADA is related to her disability.

4  Finally, Brooke alleges she has actual knowledge of the barriers. ADA regulations require
5  "places of lodging" to "[i]dentify and describe accessible features in the hotels and guest rooms
6  offered through its reservation service in enough detail to reasonably permit individuals with
7  disabilities to assess independently whether a given hotel or guest room meets his or her
8  accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii); *see Fortyune v. Am. Multi-Cinema, Inc.*, 364
9  F.3d 1075, 1084 (9th Cir. 2004) (public accommodations responsible for "ADA and its
10 implementing regulations"). Brooke alleges she reviewed Hyatt's website and the hotel fails to
11 meet her accessibility needs. This is enough to survive Hyatt's motion to dismiss. *See Strojnik v.*
12 *574 Escuela, LLC*, 2020 WL 1557434, at *5 (N.D. Cal. Mar. 31, 2020) (denying motion to dismiss
13 where plaintiff alleged he reviewed the Monte Carlo's reservation website and that it failed to
14 meet the requirements).

### b. Intent to Return

16 Brooke must also allege an intent to return. *Chapman*, 631 F.3d at 944; *Civil Rights Educ.*
17 *& Enf't Ctr.*, 867 F.3d at 1098. Where, as here, "the public accommodation being sued is far from
18 the plaintiff's home," the Ninth Circuit has found an "actual or imminent injury sufficient to
19 establish standing where a plaintiff demonstrates an intent to return to the geographic area where
20 the accommodation is located and a desire to visit the accommodation if it were made accessible."
21 *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008). However, "[a]
22 general intent to return to a public accommodation is 'insufficient to confer standing in an action
23 for injunctive relief.'" *Strojnik v. Four Sisters Inns, Inc.*, 2019 WL 6700939, at *4 (C.D. Cal. Dec.
24 9, 2019) (quoting *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1164 (C.D. Cal. 2005)).
25 Accordingly, a plaintiff "lacks standing if he is indifferent to returning . . . or if his alleged intent
26 to return is not genuine." *Chapman*, 631 F.3d at 953.

27 Courts generally look to four factors to determine whether a plaintiff has pleaded an intent
28 to return: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2)

9

plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Antonio v. Yi*, 2015 WL 13603781, at *2 (C.D. Cal. Mar. 4, 2015) (collecting cases).

Regarding the first factor, generally, "if the plaintiff resides over one hundred miles away from the place of public accommodation, 'the distance subverts a professed intent to return.'" *Four Sisters Inns*, 2019 WL 6700939, at *4 (quoting *Antonio*, 2015 WL 13603781, at *2). "However, this factor is less relevant when applied to hotels, because it is generally the purpose of hotels to provide a place to stay away from someone's residence. *Id.* (citation and internal quotations omitted). Accordingly, this factor is less relevant because the place of accommodation at issue is a hotel.

As to the second factor, Brooke does not allege that she previously visited the hotel, so this factor does not support an intent to return. *See id.* ("Plaintiff does not allege that he previously visited the Hotel, so the second factor does not support an intent to return."); *Antonio*, 2015 WL 13603781, at *2 ("There is no evidence that Plaintiff ever visited [the defendant's business], which suggests Plaintiff lacked the requisite intent to return.").

As for the third factor, Brooke alleges she intends to visit the Bay Area "later this year" and she will visit the hotel if Hyatt corrects the barrier prior to her trip. Sec. Am. Compl. ¶ 12. However, "[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding" of an intent to return. *Lujan*, 504 U.S. at 564 (discussing when an intent to return can demonstrate actual or imminent injury sufficient for standing); *see also Four Sisters Inns*, 2019 WL 6700939, at *4 (finding plaintiff's allegations that he "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant" insufficient to establish an intent to return because he "does not indicate when he planned to visit the Hotel for the trip at issue, let alone when he might plan to return, other than some 'specific time' in the future."); *Brooke v. Choice Hotels Int'l, Inc.*, 2016 WL 2594070, at *3 (S.D. Cal. May 5, 2016) ("General statements regarding Plaintiff's intent to travel to an area . . . are insufficient to allege an 'actual and imminent' injury.") (citing Summers, 555 U.S. at 493).


Finally, Brooke alleges she travels to California "countless times" and plans to visit the Bay Area "over the next several months for purposes of travel, testing ADA compliance and of course for Court-related hearings and conferences and site inspections." Sec. Am. Compl. ¶ 8. Therefore, this factor supports an intent to return.

In sum, while Brooke does not allege that she previously visited this particular hotel or that she has any concrete plans to visit on a specific date in the future, she does allege that she frequently travels to the Bay Area and will continue to do so for both case- and leisure-related purposes. She also alleges that she will visit the hotel if Hyatt corrects the barrier. Taking these allegations as true, the Court finds Brooke sufficiently alleges a genuine intent to return.

### c. Summary

The Court finds Brooke has established standing and alleges a plausible claim under the ADA. Accordingly, the Court **DENIES** Hyatt's motion to dismiss her ADA claim.

### 2. Unruh Act

In its previous order, the Court held that Brooke's First Amended Complaint failed to state a claim under the Unruh Act because it was predicated on her ADA claim, which the Court dismissed with leave to amend. However, because the Court finds that Brooke has stated an ADA claim in her Second Amended Complaint, the Court now turns to the merits of her Unruh Act claim and finds it must be dismissed for failure to state a claim.

California's civil rights act is limited to "persons within the jurisdiction of this state." Cal. Civ. Code § 51(b). The California Supreme Court has interpreted the phrase "within the jurisdiction of this state" in accord with its plain meaning as "within the state." *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 n.4 (2009). Accordingly, as Brooke does not claim she was in California when she viewed the reservation website at issue, and she has now had three attempts to plead this cause of action, the Court finds her Unruh Act claim is not plausible. *See 574 Escuela*, 2020 WL 1557434, at *5 (dismissing Unruh Act claim brought by resident of Arizona concerning alleged discrimination by website operator located in California); *Ebeid v. Facebook, Inc.*, 2019 WL 2059662, at *7 (N.D. Cal. May 9, 2019) (same). Accordingly, the Court **GRANTS** Hyatt's motion as to her Unruh Act claim **WITHOUT LEAVE TO AMEND**.

### 3. Vexatious Litigant

Hyatt argues Brooke is a vexatious litigant and should be subject to a pre-filing order limiting her ability to file any complaint asserting ADA claims. Def.'s Mot. at 20-22. However, for the same reasons stated in its previous order, the Court finds the record presently before it is insufficient to support a vexatious litigant order and therefore **DENIES** Hyatt's request. *See Brooke v. Hyatt Corp.*, 2020 WL 2474372, at *5 (finding the record insufficient to support a vexatious litigant order because none of the recent cases filed by Brooke in this District have been resolved on its merits and, although some have been dismissed, no finding of frivolousness or harassment was made in connection with any such dismissal).

### 4. Bond

Finally, Hyatt requests the Court order Brooke to post a $100,000 bond for its attorney's fees through trial, arguing that it is likely to prevail in this action. Def.'s Mot. at 23-25. Although the Federal Rules of Civil Procedure do not address security bonds, federal district courts "have inherent power to require plaintiffs to post security for costs." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). "'Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved.'" *Id.* (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2671). California requires a court to order a security bond when a defendant shows that (1) the plaintiff resides out of state and (2) there is a reasonable possibility that the defendant will prevail on the merits. Cal. Code Civ. Proc. § 1030(a)-(c).

Following section 1030's requirements, and looking to the underlying claims, the Court finds it cannot require a security bond for costs and attorney's fees. Although there is no dispute that Brooke resides in Arizona, Hyatt must still show a reasonable possibility that it will prevail on the merits and that Brooke's ADA claim is frivolous. *Pittman ex rel. L.P. v. Avish P'ship*, 525 F. App'x 591, 593 (9th Cir. 2013) (citing *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (holding that fees and costs can be awarded under the ADA only if the plaintiff's claims were "frivolous, unreasonable, or without foundation")). Given that the Court has denied Hyatt's

1  motion to dismiss, it is not prepared to find at this time that Brooke's claims are frivolous or that
2  Hyatt will prevail on the merits. Accordingly, Hyatt's request for a bond is **DENIED**.

### IV.    MOTION FOR SANCTIONS

Brooke seeks $3,000.00 in sanctions under 28 U.S.C. § 1927 for fees incurred in drafting her motion for sanctions, responding to the first two vexatious litigant motions, and researching the third vexatious litigation motion. Pl.'s Mot. at 14. She raises several arguments against Hyatt's counsel in her motion, but the Court finds that none of them rise to the level of sanctionable conduct.

"Any attorney . . . who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonable incurred because of such conduct." 28 U.S.C. § 1927. A court may award sanctions under section 1927 if it finds recklessness or subjective bad faith, which may be found where an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing the opposing party. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (concluding that district court's finding of recklessness plus knowledge was sufficient to justify the imposition of sanctions under section 1927). The Ninth Circuit instructs courts to be reluctant in imposing sanctions, "especially errors in papers filed before an opportunity for discovery." *Greenberg v. Sala*, 822 F.2d 882, 887 (9th Cir. 1987). "The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading . . . was submitted." *Id.*

In her motion, Brooke argues Hyatt's counsel "makes the unequivocally false statement to this Court that Plaintiff filed many cases in Hawaii, Oregon, Washington, New Mexico, Idaho, Texas, and Puerto Rico," when she has in fact "never filed a single lawsuit" in any of those states. Pl.'s Mot. at 6. However, Hyatt's counsel explains the inclusion of these jurisdictions was not the result of an intention to mislead but was instead an inadvertent clerical error committed by counsel's staff. Def.'s Opp'n at 2 n.2. They explain that, around the same time Hyatt filed its motion to dismiss in this action, counsel also prepared and filed a motion to dismiss against Brooke's counsel's father, Peter Strojnik, in federal court on similar bases. *Id.* Counsel states that

13

1  it appears its staff included the same jurisdictional criteria for Brooke as it did for Brooke's
2  counsel's father in the other action. *Id.* As a result, the description of the search counsel's staff
3  conducted in PACER for ADA cases filed by Brooke in federal courts included Hawaii,
4  California, Oregon, Washington, New Mexico, Idaho, Texas, and Puerto Rico. *Id.* at 2. Counsel
5  notes it did not raise any argument that Brooke had in fact filed cases in those jurisdictions, and
6  Brooke cannot point to any reference to these jurisdictions in Hyatt's arguments. *Id.* at 2.
7  Counsel admits the description was made in error but argues "[t]he overly specific search terms
8  can barely be considered an error, let alone a 'lie.'" *Id.* As the inclusion of these jurisdictions as
9  part of the search terms appears to be the result of clerical error and not made in bad faith, and
10 Hyatt did not argue that Brooke had filed in these additional jurisdictions, the Court finds
11 sanctions are unwarranted.

12  Brooke also argues Hyatt's counsel has intentionally attempted to mislead the Court by
13 omitting salient information in its argument regarding the number of cases she has filed, including
14 that many of these cases were filed in other districts, such as the Eastern and Central Districts of
15 California. Pl.'s Mot. at 8-9. However, Hyatt took issue with the number and similarity of
16 Brooke's cases, not where they were filed. Def.'s Mot. at 22. Regardless, Brooke has failed to
17 show that Hyatt did not raise this argument in good faith, and the Court must therefore be reluctant
18 to issue sanctions in these circumstances.

19  Finally, Brooke argues that Hyatt's three vexatious litigant motions have no basis in fact or
20 law. Pl.'s Mot. at 2. In addition to the three vexatious litigant motions in this case, Brooke notes
21 Hyatt has filed the same motion in two other similar lawsuits alleging ADA claims against Hyatt
22 hotels in this District. *See Brooke v. IA Lodging Santa Clara LLC*, 5:19-cv-7558-NC; *Brooke v.*
23 *Grand Hyatt SF LLC*, 3:19-cv-7630-MMC. The Court in this case and Judge Chesney in *Grand*
24 *Hyatt* have both ruled that Brooke is not a vexatious litigant. Hyatt's motion is currently pending
25 in *IA Lodging*. Brooke argues that the only difference in Hyatt's renewed motion is that it "has
26 added a few more cases, but the added cases are in the same category as the original record – no
27 decisions on the merits and none shown to be frivolous or harassing." Pl.'s Mot. at 6. Hyatt's
28 counsel counters that the renewed request to declare Brooke a vexatious litigant "was made in

14

good faith based on Plaintiff's continued disregard for this Court's and other courts' clear holdings about her pleadings.  This Court and others have put Plaintiff on notice of the errors in pleadings such as her SAC (and the FAC, and the initial Complaint)." Def.'s Opp'n at 4.  It argues Brooke "still does not allege what 'barriers' exist at the defendant's place of business and how she 'was affected by them,'" and "[s]he continues to state only her assumptions about barriers." *Id.* at 5. As discussed above, the Court finds that Brooke has now plead a plausible ADA claim.  However, that does not mean that Hyatt's argument was frivolous, and there is no indication Hyatt made its argument with recklessness or subjective bad faith.  The Court is unpersuaded that sanctions are warranted.

## V.   CONCLUSION

For the reasons stated above, Hyatt's motion is **GRANTED** as to Brooke's Unruh Act claim **WITHOUT LEAVE TO AMEND** and **DENIED** in all other respects, and Brooke's motion for sanctions in **DENIED**.  The parties shall meet and confer and file a status report by July 7, 2020 regarding the schedule under General Order 56.

**IT IS SO ORDERED.**

Dated: June 23, 2020

THOMAS S. HIXSON
United States Magistrate Judge

15